Date signed August 25, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DEBORAH C. PALMER | : | Case No. 10-35290PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -| : | |
| DEBORAH C. PALMER | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| EVEREST CASH ADVANCE, LLC | : | |
| EVEREST CASH ADVANCE | : | |
| EVEREST LOANS | : | |
| LAW OFFICES OF HANSEN | : | |
| & ASSOCIATES | : | |
| Respondents | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -| : | |

### MEMORANDUM OF DECISION

This case is before the court following the filing of a Motion for Violation of Automatic Stay and for Sanctions filed against a payday lender, Everest Cash Advance, LLC, its associated entities ("Everest"), and the Law Offices of Hansen & Associates. At the hearing held August 16, 2011, counsel for the Debtor advised the court that a consent dismissal was to be entered as to Everest, the matter having been settled as to those Respondents.

The record discloses a number of outrageous violations of the automatic stay by the other Respondent that operates under the name of the Law Offices of Hansen & Associates ("Hansen"). Hansen appears to be a loose cannon operating on its own without any concern for

the automatic stay of § 362(a) of the Bankruptcy Code or the discharge injunction of § 524(a). Further, as alleged in the case of *DiStefano v. Law Office of Hansen & Associates* filed in the United States District Court for the Eastern District of Pennsylvania, Case No. 11-CV02717LP, similar actions by Hansen described are violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* The pattern of conduct described in this case resembles that described in the District Court complaint.

Seldom has the court encountered a more stunning example of violation of the automatic stay. The intemperate language used by the Respondent's employees demonstrated their determination to persecute this Debtor, notwithstanding knowledge of the filing of the bankruptcy case and the prohibitions of the automatic stay. It appears to this court to be a course of conduct that is wholly unacceptable. While the pre-filing conduct of Hansen was not a violation of the automatic stay, it was placed on notice at the time of the likelihood of the bankruptcy filing, as to which it acknowledged receiving notice later. Nonetheless, the willful violations of 11 U.S.C. § 362(a) followed.

Appropriate sanctions will be entered, including punitive damages for the egregious conduct on the part of Hansen together with an allowance of compensation for Debtor's attorney's fees in bringing this matter to Hansen's attention and prosecuting the instant motion. *See generally, In re Repine*, 536 F.3d 512, 521 (CA5 2008).

cc:
Patricia McDonald, Esq., 13116 Ardennes Avenue, Rockville, MD 20851
Everest Cash Advance LLC, P.O. Box 7826, Overland Park, KS 66207
Everest Cash Advance, SCS Processing LLC, P.O. Box 636, Charlestown, Nevis West Indies
Everest Loans, SCS Processing, LLC, 4 Solomon's Arcade, Charlestown, Nevis West Indies
Law Offices of Hansen & Associates, 4200 Regents Street, Suite 200, Columbua OH 43219
Hansen & Associates, Inc., 9229 Ward Parkway, Suite 229, Kansas City MO 64114
Thomas D. Hansen, Reg. Agent, 4801 W. 110th, Suite 169, Overland Park KS 66211
Merrill Cohen, Trustee, 7910 Woodmont Avenue, Suite 1103, Bethesda MD 20814
Jeffrey D. Zimmerman, Esq., 5819 Nieman Road, Shawnee, KS 66203

**End of Memorandum**